IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| OSCAR SMITH ) | |
| ) | |
| Plaintiff ) | |
| ) | **CAPITAL CASE** |
| v. ) | |
| ) | No. _____ |
| BILL LEE, in his official capacity as ) | |
| Governor of the State of Tennessee ) | |
| ) | |
| HERBERT SLATERY, in his official capacity ) | |
| as the Attorney General of the ) | |
| State of Tennessee ) | |
| ) | |
| LISA HELTON, in her official capacity ) | |
| as the Interim Commissioner of the ) | **EXECUTION SCHEDULED:** |
| Tennessee Department of Correction, ) | |
| ) | **APRIL 21, 2022** |
| TONY MAYS, in his official capacity as ) | |
| Warden, Riverbend Maximum Security ) | |
| Institution, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR INJUNCTIVE RELIEF**

**INTRODUCTION**

1. Cutting-edge scientific technology that has only recently become available excludes Oscar Smith as the source of the DNA on the murder weapon used in the crime for which he stands to be executed. Tennessee law recognizes a claim of actual innocence. *Dellinger v. State*, 279 S.W.3d 282, 291 (Tenn. 2009). Yet Mr. Smith has been denied a hearing by Tennessee courts. Mr. Smith is being denied his right to access the court and to procedural due process.

1

## PARTIES

2. Plaintiff Oscar Smith is incarcerated under a sentence of death at Riverbend Maximum Security Institution ("RMSI") in Nashville, Tennessee. He is scheduled to be executed this Thursday, April 21, 2022.

3. Defendant Bill Lee is the Governor of the State of Tennessee. Defendant Herbert Slattery, III, is the Attorney General for the State of Tennessee. Defendant Lisa Helton is the Interim Commissioner of Correction for the Tennessee Department of Correction ("TDOC"). Defendant Tony Mays is the Warden at RMSI. Mr. Smith sues Defendants in their official capacity.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 42 U.S.C. § 1983 and §§ 2000cc-1, 28 U.S.C. § 1331 (federal question), § 1343 (civil rights violations and equitable relief under an act of Congress), § 1651(a) (All Writs Act),

5. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. § 2201 (declaratory relief), § 2202 (preliminary and permanent injunctive relief), by Federal Rule of Civil Procedure 57 and 65, and by the legal and equitable powers of this court.

6. Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391. Plaintiff is incarcerated in this district; the execution will occur in this district. Defendants maintain offices in the Middle District of Tennessee. The underlying criminal action in this matter was tried in the Criminal Court for

Davidson County, Tennessee. Thus, the events giving rise to this Complaint have occurred and will occur in this district.

7. Mr. Smith is unaware of any State administrative remedy that need be exhausted under the Prison Litigation Reform Act. Mr. Smith has exhausted all possible state court remedies to present his claim of actual innocence and has been denied. *Smith v. State*, No. M2022-00455-CCA-R3-PD, 2022 WL 1115034 (Tenn. Crim. App. Apr. 14, 2022), *perm. app. denied* (Tenn. Apr. 18, 2022).

## FACTS

8. The State of Tennessee intends to execute Mr. Smith on April 21, 2022.

9. On March 30, 2022, Serological Research Institute ("SERI") reported the presence of unknown DNA—DNA *that does not match Mr. Smith*—on the handle of the murder weapon in this case.

10. Three business days later, on April 4, 2022, Mr. Smith filed a Motion to Reopen Post-Conviction Proceedings pursuant to Tennessee Code Annotated § 40-30-117, and/or for Review under the Post-Conviction DNA Analysis Act of 2001, Tennessee Code Annotated §§ 40-30-301, *et seq*. ("DNA Act"), in the Criminal Court for Davidson County, Tennessee.

11. Pursuant to Tennessee Code Annotated § 40-30-117, a petitioner may, in certain circumstances, have his post-conviction petition reopened by the trial court. One such circumstance is where the petitioner obtains "new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted[.]" Tenn. Code Ann. § 40-30-117(a)(2). The

3

petitioner must allege facts which, if true, would "establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced." Tenn. Code Ann. § 40-30-117(a)(4); Tenn. Code Ann. § 40-30-117(b) (the factual basis must be supported by affidavit and "shall be limited to information which, if offered at an evidentiary hearing, would be admissible through the testimony of the affiant under the rules of evidence").

12. In 2001, the State of Tennessee adopted its Post-Conviction DNA Act. Tenn. Code Ann. §§ 40-30-301, *et seq*. ("DNA Act"). The Tennessee courts have recognized that the purpose of the DNA Act is to "exonerate the wrongfully convicted who are still imprisoned" and to "identify the true perpetrators of their crimes." *Powers v. State*, 343 S.W. 3d 36, 51 (Tenn. 2011); *see also Est. of Alley v. State*, No. W2019-02046-CCA-R3-PC, 2021 WL 1828501, at *13 (Tenn. Crim. App. May 7, 2021), *appeal denied* (Sept. 22, 2021) (noting the legislative history indicates the two-fold intent of the legislature). That is, the legislature intended to provide a procedural remedy for persons who are actually innocent of the crime for which they are convicted to access the court.

13. The DNA Act provides a procedural mechanism whereby convicted persons in Tennessee can seek exoneration through DNA testing. A petitioner, may, "at any time, file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the

judgment of conviction and that may contain biological evidence." Tenn. Code Ann. § 40-30-303. The Court may order DNA analysis if it finds:

> (1) A reasonable probability exists that analysis of the evidence will produce DNA results that would have rendered the petitioner's verdict or sentence more favorable if the results had been available at the proceeding leading to the judgment of conviction;
>
> (2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;
>
> (3) The evidence was never previously subjected to DNA analysis, or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and
>
> (4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

Tenn. Code Ann. § 40-30-305. The testing must be performed by "a laboratory that meets the standards adopted pursuant to the DNA Identification Act of 1994 (42 U.S.C. § 14131 *et seq*.)." Tenn. Code Ann.§ 40-30-310. "If the results of the post-conviction DNA analysis are favorable, the court shall order a hearing[.]" Tenn. Code Ann. § 40-30-312.

14. On Monday, April 11, 2022—without a responsive pleading by the state and without a hearing or argument—the post-conviction court denied Mr. Smith's motion. Within hours of the court's order, Mr. Smith filed a motion for reconsideration, setting out the post-conviction court's factual and legal errors. The post-conviction court summarily denied the motion for reconsideration on April 12, 2022.

5

15. Mr. Smith immediately filed a notice of appeal and requested expedited briefing on his DNA Act claim. On April 13, 2022, Mr. Smith filed a Rule 28 application for permission to appeal from the post-conviction court's denial of his Motion to Reopen. Mr. Smith requested expedited briefing and oral argument pursuant to Tennessee Supreme Court Rule 28 § 10(B) in that matter.

16. The Court of Criminal Appeals issued an unreasoned Rule 20 denial of both of Mr. Smith's actions on April 14, 2022. *Smith v. State*, No. M2022-00455-CCA-R3-PD, 2022 WL 1115034 (Tenn. Crim. App. Apr. 14, 2022).

17. Mr. Smith immediately filed an appeal in the Tennessee Supreme Court which denied the discretionary appeal in an unreasoned order dated April 18, 2022.

18. Thus, despite having evidence that proves that he is not the person who handled the murder weapon, Mr. Smith has been shut out of state court.

## STATEMENT OF INCORPORATION

19. All allegations in this Complaint are incorporated into all sections as if fully set forth therein.

## CLAIMS FOR RELIEF

### CLAIM ONE: FOURTEENTH AMENDMENT DENIAL OF PROCEDURAL DUE PROCESS

20. Mr. Smith incorporates the preceding paragraphs.

21. The United States Supreme Court has recognized a constitutionally protected liberty interest in access to post-conviction relief and that a convicted state prisoner may bring a Section 1983 action on the basis that he or she was

6

Case 3:22-cv-00280   Document 1   Filed 04/18/22   Page 6 of 12 PageID #: 6

denied due process in seeking access to such post-conviction relief. See *Skinner v. Switzer*, 562 U.S. 521 (2011).

22. A state's procedures for DNA testing are constitutionally inadequate when they "offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental, [or] transgresses any recognized principle of fundamental fairness in operation." *Dist. Atty's Off. for Third Jud. Dist. v. Osborne*, 557 U.S. 52, 69 (2009) (quoting *Medina v. Cal.*, 505 U.S. 437 (1992)).

23. Tennessee recognizes the right to present a substantive claim of actual innocence. *Dellinger v. State*, 279 S.W.3d 282, 290–91 (Tenn. 2009).

24. The DNA Act provides that a person with favorable DNA results has the right to a hearing to seek release from conviction. Tenn. Code Ann. § 40-30-312 ("If the results of the post-conviction DNA analysis are favorable, the court shall order a hearing . . . .").

25. When a state law creates a liberty interest, such as the DNA Act, the state's procedures must comport with due process. *Evitts v. Lucey*, 469 U.S. 387, 401 (1985); *see also Est. of Alley v. State*, No. W2019-02046-CCA-R3-PC, 2021 WL 1828501, at *20 (Tenn. Crim. App. May 7, 2021), *appeal denied* (Sept. 22, 2021) (noting that the DNA Act creates a liberty interest). Likewise, when a state creates a judicial remedy, access to that remedy must be fairly afforded. *See Bounds v. Smith*, 430 U.S. 817, 822 (1977). A statutory scheme providing access to post-conviction relief (such as the DNA Act) creates both a liberty interest and a

7

judicial remedy. State procedures to access such relief must not, in their operation, offend principles of justice or fundamental fairness.

26. The Tennessee courts' interpretation of the DNA Act and Motion to Reopen statute have placed insurmountable roadblocks to Plaintiff, rendering those statutes essentially unavailable to him, in violation of his procedural due process rights.[1]

27. Specifically, the court has read into Tennessee law a rule that petitioners may not access the court if "extensive evidence" of their guilt was introduced at trial, even where DNA evidence is favorable. This is an impossibly high bar.[2] Every capital defendant was convicted because the jury found the evidence presented was sufficient to warrant death. And every state has passed a post-conviction DNA statute precisely because they recognize the significance of DNA evidence and its ability to cause a "strong case" to "evaporate[]." *See United States v. Fasano*, 577 F.3d 572, 578 (5th Cir. 2009). This courts' interpretation of the DNA Act ignores the reality that hundreds of people have been exonerated by DNA after having been convicted based on proof that a jury found compelling "beyond a

---

[1] The criminal court's decision is the last reasoned decision and so, presumably, is also the opinion of the Tennessee Supreme Court.
[2] *See House v. Bell*, 311 F.3d 767, 777 (6th Cir. 2002) (certifying a question to the Tennessee Supreme Court as to whether "Tennessee law require[d] a new trial when newly discovered evidence of actual innocence, a significant part of which is in the form of DNA evidence which *could not be discovered* at the time of trial, creates a serious question or doubt that the defendant is guilty of first degree murder?"); *House v. Bell*, Case Nos. 08-5646/08-6155/08-5807, R. 403 (6th Cir. 2009) (noting the voluntary dismissal of the state's appeal of the conditional grant of habeas corpus based upon Mr. House's DNA proof).

8

reasonable doubt." *See* Innocence Project, *DNA Exonerations in the United States*, https://innocenceproject.org/dna-exonerations-in-the-united-states/ (last visited Apr. 18, 2022).

28. Tennessee courts are required to presume that DNA results are exculpatory, and it is difficult to imagine evidence more exculpatory than confirmation that another individual's DNA was found—mixed with the victim's blood—on the murder weapon. By denying Mr. Smith's request for relief under the statutes based on a finding that there was "extensive evidence" against him, the court created an unconstitutional hurdle that renders the statutes toothless and ensures that petitioners cannot vindicate their liberty interests.

29. The purpose of the DNA Act is thwarted by preclusion of access to evidentiary hearings and other post-conviction procedures and relief. Where the legislature enacted the statute to allow procedures by which an individual could prove their innocence and be released from custody and/or sentence of death, it is fundamentally unfair to petitioners, such as Plaintiff, to have impossible burdens placed upon them. Specifically, when petitioners, such as plaintiff, are denied process even with strong favorable proof, such as the DNA of an unknown person on the murder weapon, the DNA Act is applied in a manner that violates due process of law.

30. The Tennessee courts have similarly imposed an unconstitutional barrier upon Plaintiff by reading the Motion to Reopen statute as requiring a

9

Case 3:22-cv-00280   Document 1   Filed 04/18/22   Page 9 of 12 PageID #: 9

Plaintiff to satisfy, at the pleading stage, a standard wherein he was required to demonstrate his innocence by "clear and convincing evidence."

31. Contrary to the construction of the Tennessee courts in this matter, the Motion to Reopen statute does not place such a tall burden upon a petitioner. The relevant section of this statute requires a petitioner to present a colorable claim of new scientific evidence of actual innocence and requires a court to assume all facts in the claim will be proven as true at a subsequent hearing. Tenn. Code Ann. § 40-30-117(a)(2), (4); Tenn. S. Ct. R. 28 § 6 (B)(2) (requiring the post-conviction court to "determine whether the petition states a colorable claim"); *Howell v. State*, 151 S.W.3d 450 (Tenn. 2004).

32. In the instant case, Plaintiff unquestionably identified a theory of innocence: he presented an alibi defense at trial and has always maintained that an alternate suspect committed the murders. Plaintiff's new DNA analysis evidence is unquestionably new scientific evidence. The exclusion of Plaintiff as the source of the DNA on the murder weapon and the presence of an unknown suspect's DNA is unquestionably favorable. Such evidence strongly supports Plaintiff's theory of innocence and shows a "reasonable probability" of a more favorable verdict or sentence had the jury known about this evidence.

33. The impossible burden placed on Plaintiff by virtue of the construction of these two statutes by the Tennessee courts is fundamentally unfair and violates his right to due process of law.

**CLAIM TWO: FIRST AMENDMENT DENIAL OF MEANINGFUL ACCESS TO THE COURTS**

34. Mr. Smith incorporates the preceding paragraphs.

35. A plaintiff with a nonfrivolous legal claim has the constitutional right to bring that claim to a court of law. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). This right of access to the courts finds support in several parts of the United States Constitution, including the First Amendment Petition Clause. *Id.* at n.12.

36. As described above, both the DNA Act and the Motion to Reopen statute, as authoritatively construed by Tennessee courts, impose unreasonable barriers to court access not contemplated by the legislature. By reading into these statutes impossible hurdles to obtaining a hearing (let alone relief from conviction or sentence of death), Tennessee has arbitrarily and unconstitutionally deprived Plaintiff of meaningful access to post-conviction procedures provided by Tennessee law to establish that he is actually innocent of the crime for which he was convicted, in violation of the Petition Clause of the First Amendment to the United States Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Oscar Smith prays that this Court provide relief as follows:

1. Temporarily enjoin Defendants from executing Mr. Smith.
2. A declaratory judgment that, on its face and as applied, the DNA Act violates his rights under the First and Fourteenth Amendments;
3. A preliminary and permanent injunction requiring Defendants to refrain from executing Mr. Smith until such time as the State of

11

Tennessee provides a constitutionally adequate hearing on the merits of his claim of actual innocence and entitlement to relief under the DNA Act (Tenn. Code Ann. § 40-30-301 *et seq*) and/or Tennessee's Motion to Reopen statute (Tenn. Code Ann. § 40-30-117);

4. Granting Plaintiff's reasonable attorneys' fees and costs under 42 U.S.C. § 1988 or other applicable law; and

5. Any further relief that this Court finds necessary and just.

Respectfully submitted,

AMY D. HARWELL, BPR #18691
Asst. Chief, Capital Habeas Unit

KATHERINE M. DIX, BPR #22778
Asst. Federal Public Defender

FEDERAL PUBLIC DEFENDER
FOR THE MIDDLE DISTRICT OF
TENNESSEE

810 Broadway, Suite 200
Nashville, TN 37203
Phone: (615) 736-5047

BY: /s/ *Amy D. Harwell*
Counsel for Oscar Smith